

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-5-2007

# Carpenter v. Proctor & Gamble

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2407

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Carpenter v. Proctor & Gamble" (2007). *2007 Decisions.* Paper 811.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/811

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2407
_____

GARY CARPENTER,
Appellant

v.

PROCTOR & GAMBLE DISABILITY BENEFIT PLAN &
BENEFIT PLANS TRUST,
Appellee
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(Civ. No. 03-CV-399)
District Chief Judge: Hon. Thomas I. Vanaskie
_____

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
June 14, 2007

Before: McKEE, STAPLETON, and NYGAARD, <u>Circuit</u> <u>Judges</u>.

(Opinion Filed:   July 5, 2007 )

_____

OPINION
_____

1

McKee, Circuit Judge:

Gary Carpenter appeals the district court's grant of summary judgment in favor of Procter & Gamble ("P&G") on his claim to recover long-term disability benefits under the Procter & Gamble Long-Term Disability Allowance Plan ("LTDA"). For the reasons that follow, we will affirm the grant of summary judgment.[1]

Inasmuch as we write primarily for the parties who are familiar with the case, we need not set forth the factual background or procedural history except insofar as may be helpful to our brief discussion.

Carpenter argues that the record did not contain substantial evidence to support P&G's decision to terminate long-term disability benefits. In the alternative, he argues that the trial court erred in awarding P&G summary judgment because there are genuine issues of material fact.

Pursuant to Fed R. Civ. P. 56(c), a motion for summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. To raise an issue of material fact, the non-moving party "need not match, item for item, each piece of evidence proffered by the movant, but simply must exceed the 'mere scintilla' standard." *Petruzzi's IGA Supermarkets, Inc. V. Darling-Delaware Co., Inc.*

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment. *Torre v. Casio, Inc.*, 42 F.3d 825, 830 (3d Cir. 1994). Accordingly, we are apply the same test the District Court should have utilized. *Sempier v. Johnson & Higgins*, 45 F.3d 724, 727 (3d Cir. 1995), cert. denied, 515 U.S. 1159, 115 S.Ct. 2611, 132 L.Ed.2d 854.

998 F.2d 1224, 1230 (3d Cir. 1993), cert. denied, 510 U.S. 994, 114 S.Ct. 554, 125 L.Ed.2d 445. If a moving party satisfies its initial burden of proving a *prima facie* case for summary judgment, the opposing party must show that there is "sufficient evidence for a jury to return a verdict in favor of the non-moving party; if the evidence is merely colorable or not significantly probative, summary judgment should be granted." *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994). Moreover, at the summary judgment stage, the court may not weigh the evidence or make credibility determinations. *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co.*, *Inc.* 998 F.2d at 1230.

Here, bearing in mind the possible conflict of interest the Trustees may have under the LDTA Plan, the District Court correctly applied a "slightly heightened scrutiny" standard in determining whether the Trustees acted arbitrarily and capriciously in concluding that Carpenter was not totally disabled. *See* App. at 3.

The District Court explained why summary judgment in favor of P&G is appropriate in the thorough and thoughtful analysis contained in the Memorandum it filed on March 31, 2006; we can add little to the District Court's analysis. As that court explained the uncontested facts establish that the Trustees did not act arbitrarily or capriciously. Inasmuch as their decision was rationally based upon the medical evidence, the District Court appropriately granted P&G's motion for summary judgment.

Accordingly, we will affirm the order of the District Court.

3